The bill of complaint in this case asks for injunctive relief against an alleged diversion of waters of the Passaic River at a point above the lands owned by complainant.
The material facts appear to be nearly identical with those that existed in the case of Jessop v. Passaic Valley WaterCommission, 117 N.J. Eq. 29. Complainant, a riparian owner of lands bordering on the Passaic River, on which lands are erected factory buildings, charged an unlawful and injurious diversion of the water. The defendant claims a prescriptive right to divert the said water. *Page 414 
A history of the local water situation and a review of the creation of the defendant and its practices, as well as those of its predecessors, is fully set forth in the Jessop Case and need not be repeated here.
At the hearing, the complainant proved title, and after relying on the defendant's admission of diversion, rested.
Defendant produced witnesses whose testimony showed an uninterrupted and adverse use of the waters for a period of at least twenty years prior to the filing of the bill of complaint. These witnesses, who were employees of the defendant and most of whom also were employees of the defendant's predecessors, testified as to the method used in ascertaining the quantity of water taken from the river, and produced the records to substantiate the same.
Counsel for the complainant objected to the admissibility of these records on the ground that the records were made by employees or persons who assisted Mr. John Cook and Mr. A.T. Cook, who compiled them, and the employees and assistants did not testify as to the accuracy of the meter readings and the amount of water which flowed through said meters. The Messrs. Cook were the ones employed to determine the amount of water diverted. They compiled the figures from the records received from employees and it was not necessary to call each employee or meter reader to testify as to the accuracy of the reading. In the making of a survey or a map it is not necessary to call each rodman and each chain carrier to testify as to the accuracy of the measurements.
Complainant's counsel also objected to the testimony of Professor Pryor, an expert witness, who based his testimony on the above mentioned records to determine the daily diversions over a period of years between 1900 to 1933. The objection was directed to the method of computation used by the witness whereby he used the average daily flow through the meters for each month then added the total of a twelve months' flow and divided that total by twelve. His testimony was admitted for the reason that such a method was proper. Counsel for complainant objected on the ground that it was pure conjecture but stated no better method for computing the same. *Page 415 
I have concluded that the situation in this case is similar to and controlled by the result reached in the Jessop Case. It seems to me that the defendant has established an adverse user, for the necessary period, which has ripened into a prescriptive right to divert a daily average of 22.6 millions of gallons of water. The proofs show that the defendant has exceeded that figure and, therefore, the complainant is entitled to an injunction against a greater diversion than the above stated amount.
If defendant wishes to obtain additional rights in the water it may have a reasonable time within which to do so.